UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

MASSIMILIANO PINCIONE :
    Plaintiff :
     :
    v. : Case No. 1:11cv 367 AJT/IDD
     :
David Dale :
    Defendant :
     :
**************************:

David Dale
    Counter Plaintiff

and

SMI Hyundai Corporation Ltd.
    2589 John Milton Drive
    Herndon, VA 20171-2526
    Additional Counter Plaintiff

    v.

Massimiliano Pincione
    Counter Defendant

and

H.R.H. Prince Khaled Bin AlWaleed
    Additional Counter Defendant
    Serve: Secretary of the Commonwealth of Virginia
        Patrick Henry Building , 4th Floor
        1111 East Broad Street
        Richmond, Virginia 23219

### ANSWER OF DEFENDANT DAVID DALE

David Dale answers the complaint filed against him herein as follows:

1. Paragraph one is denied because Defendant has not published defamatory falsehoods about Plaintiff.

2. Defendant admits that Plaintiff is a resident of New York. Defendant does not have sufficient knowledge concerning the remainder of paragraph two, and therefore denies the same and demands strict proof thereof.

3. Paragraph three is admitted.

4. Defendant admits that there is diversity between the parties, but denies that Plaintiff has suffered damages as alleged.

5. Paragraph 5 is admitted in part and denied in part. It is admitted that SMI engaged H.R.H. Prince Khaled Bin AlWaleed, Plaintiff's business associate, and Massimiliano Pincione, Plaintiff in this cause, to collect money owed to SMI by the Libyan government. Defendant denies that an agreement for payment of money to Plaintiff and Prince Khaled Bin AlWaleed was signed by Peter Jung, President of SMI, on May 7, 2010. Defendant affirmatively states that the operative agreements between the parties were signed on September 24, 2009 and April 9, 2010.

6. Paragraph 6 is admitted in part and denied in part. Defendant admits that Plaintiff's business associate, H.R.H. Prince Khaled Bin AlWaleed, collected money owned SMI, but denies that they are owed $15,000,000 as a result of their efforts on behalf of SMI.

7. Paragraph 7 is admitted in part and denied in part. Defendant admits that he has written to Prince Khaled Bin AlWaleed that the May 7th agreement is fraudulent and forged and of no effect, and that money routed from Libya to any bank other than J&T Bank could only have been moved by forging the signature of Peter Jung, President of SMI.

8. Paragraph 8 is denied. Defendant affirmatively states that statements made by him were true.

9. Paragraph 9 is denied. Defendant has not published false and defamatory statements about Plaintiff. Defendant affirmatively states that statements made by him were true.

10. Paragraph 10 is denied. Defendant affirmatively states that there were no defamatory statements made by him, and that statements made by him were true.

11. Defendant incorporates his answers to paragraphs one through ten as if fully set forth herein.

12. Paragraph 12 is denied. Defendant affirmatively states that statements made by him that the May 7, 2010 document is a forgery are true.

13. Paragraph 13 is denied. Defendant affirmatively states that he sent an email to Prince Khaled Bin AlWaleed on February 28, 2011, for the purpose of informing him that the purported agreement of May 7, 2010, upon which Plaintiff and Prince Khaled Bin AlWaleed were relying to claim $15,000,000 of SMI's money, was a forgery.

14. Paragraph 14 is denied. Defendant affirmatively states that there were no defamatory statements or falsehoods, and that the communication sent to Prince Khaled Bin AlWaleed was to inform him that the May 7, 2010 alleged agreement was a forgery.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied. Defendant affirmatively states that there were no false or defamatory statements made by him.

17. Defendant's answers to paragraphs 1-16 are incorporated herein and made a part hereof.

18. Paragraph 18 is denied. Defendant affirmatively states that the statements made by him are true.

19. Paragraph 19 is denied. Defendant affirmatively states that the statements made by him, in the context in which they were made, i.e., in emails from the United States to Saudi

Arabia, presented no danger of a violent physical reaction and thus Virginia Code Section 8.01 – 45 does not apply.

20. Paragraph 20 is denied.

## AFFIRMATIVE DEFENSES

1. All statements made by Defendant, David Dale were, to the best of Defendant's knowledge and belief, true.

2. All statements by Defendant were made in good faith, and with reasonable belief that they were true.

3. Plaintiff has engaged in fraud, by relying upon a fraudulent document dated May 7, 2010, to increase the commission to be paid to Plaintiff and his business associate, H.R.H. Prince Khaled Bin AlWaleed, Counter Defendants herein, from $3,440,336 to $15,000,000. Plaintiff's Complaint for defamation pleads the validity of the fraudulent document and falsely alleges that Peter Sang Diuk Jung, President of SMI Hyundai, Ltd., signed the May 7, 2010 document. Because Plaintiff's allegations are based on fraud, the complaint against David Dale should be dismissed.

4. Defendant asks for setoff of any amount due Plaintiff from whatever is determined to be owed to Plaintiff.

Wherefore, having fully answered, Defendant David Dale prays that this Court dismiss the action against him with his costs expended.

## COUNTERCLAIM FOR BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, FRAUD, AND CONVERSION

A. Massimiliano Pincione is a resident and citizen of New York, and is Plaintiff in this action.

B. This Counterclaim arises out of the same transaction or occurrence that is the subject of Plaintiff's claim herein.

C. H.R.H. Prince Khaled Bin AlWaleed, Additional Counter Defendant, is a resident and citizen of Saudi Arabia and is the business associate of Massimiliano Pincione, Plaintiff, with regard to the transaction or occurrence that is the subject of the Plaintiff's claim herein.

D. H.R.H. Prince Khaled Bin AlWaleed, along with his business associate, Massimiliano Pincione, used the offices and resources of SMI Hyundai Corporation, a Delaware Corporation with its principal place of business at 8300 Greensboro Drive, Suite 800, McLean, Virginia, located in the Eastern District of Virginia, in carrying out their duties pursuant to their contracts with Additional Counter Plaintiff, SMI Hyundai Corporation, Ltd., a company registered in Dubai, United Arab Emirates.

E. Massimiliano Pincione, acting for, and on behalf of himself and Prince Khaled Bin AlWaleed, traveled to the Washington, D.C. area on several occasions to carry out the business of the contracts signed with SMI Hyundai Corporation, Ltd. Initial negations were held in Reston, Virginia, within the Eastern District of Virginia.

F. This Court has jurisdiction of this Counterclaim pursuant to 28 U.S.C. 1367.

## COUNT ONE: BREACH OF CONTRACT

SMI Hyundai Corporation, Ltd. and David Dale hereby seek judgment against

Prince Khaled bin Alwaleed bin Talal and Massimiliano Pincione in the amount of $14,359,664 for Breach of Contract based upon the following facts:

1. SMI Hyundai Corporation LTD, a company registered in Dubai, United Arab Emirates (SMI), entered in to a contract with Prince Khaled bin Alwaleed bin Talal bin AbdulAziz AlSaud (PK) and Max Pincione (MP) on September 24, 2009, engaging PK and MP to assist SMI in recovering from the Government of Libya, in particular from the Libyan agency named Organization for Development of Administrative Centers (ODAC), money owed SMI for construction and design work in Libya. A copy of the September 24, 2009 agreement is attached hereto, marked Exhibit One, and made a part hereof. The September 24, 2009 agreement was signed by Man Ki Kim (MK), Chairman of SMI, and Peter Jung, President of SMI; and by PK and MP.

2. By its terms the September 2009 agreement provided among other things, that PK and MP would receive "... a success fee of 20% of the actual monies collected and wired out of Libya down to a minimum of $50 million. Any amount collected and wired below that minimum will carry a success fee of 10%."

3. On February 18, 2010, SMI sent written distribution of funds instructions to J&T Bank in Zurich, Switzerland, instructing the Branch Manager of J&T Bank to distribute to PK and MP 20% of all funds coming to J&T Bank for the credit of SMI. A copy of the February 18, 2010 letter to J&T Bank is attached hereto, marked Exhibit 2, and is made a part hereof. The parties had agreed that funds coming out of Libya for the credit of SMI were to go to J&T Bank in Switzerland, and from there to be distributed to the respective parties.

4. On April 9, 2010 a new agreement modifying the previous agreement was signed by MP on behalf of himself, and by MP on behalf of PK; and by MK on behalf of SMI. This agreement was made because PK and MP were unhappy with the size of their "success fee." They contended that since they now only expected to get substantially less than fifty million dollars out of Libya, after much work, their compensation was not sufficient. The new agreement almost doubled the compensation to be paid to MP and PK to $4.6 million, or proportionally less (starting at $23 million dollars) if less than $23 million dollars came out of Libya. A copy of the April 9, 2010 agreement is attached hereto, marked Exhibit 3, and is made a part hereof.

5. On May 18, 2010, new distribution instructions reflecting the agreement signed on April 9, 2010 were sent to the J&T Bank in Switzerland, instructing the J&T Bank to pay to PK and MP $4,600,000 from an expected $23,000,000 coming to J&T Bank from Libya for the credit of SMI. This letter to J&T Bank was signed by MP and Peter Jung, President of SMI. A copy of the May 18, 2010 letter to J&T Bank is attached hereto, marked Exhibit 4, and is made a part hereof.

6. Subsequent to May 18, 2010, $17,800,000 was sent by ODAC to a bank controlled by PK, not J&T Bank as previously agreed, upon purported instructions from Peter Jung, President of SMI. ODAC represented that Peter Jung had sent a letter to them authorizing the transfer, when in fact, the only transfer authorized by Peter Jung as President of SMI was a transfer to J&T Bank of Switzerland.

7. David Dale (David) loaned money to SMI Hyundai, of the United States (SMI,US), a company controlled by MK, but not related to SMI Hyundai Limited, registered in Dubai (SMI). MK (M. K. Kim, Chairman of both companies) got into trouble with

7

SMI,US on a project in Germany, and was unable to pay David the money owed him by SMI,US. In an attempt to be made whole, David agreed to undertake the task of collecting money owed SMI by the Libyans, and accepted an assignment of all the stock of SMI from MK, as security. David's agreement with MK was to return the stock in SMI as soon as he had been paid the fees due him for his representation of SMI. Based on the amount recovered from Libya, SMI owes David $3,560,000. The $3,560,000 is to be paid to David when the money owed SMI is released by PK and MP, who now have the money. According to ODAC, $17,800,000 was sent out of Libya for the credit of SMI.

8. After receipt of the $17,800,000 from ODAC, PK and MP failed to pay SMI the money due SMI, and insisted on a larger commission. In February 2011, David received from PK a copy of the May 7, 2010 letter agreement, which David and Peter Jung immediately recognized as a forged document. Both PK and MP represented to David that they were relying on the fraudulent May 7, 2010 letter agreement to claim $15,000,000 of the total of $17,800,000 recovered from ODAC.

9. Pursuant to the valid agreements signed by SMI, PK, MP, and David, funds currently being held by PK and MP, who have been acting on behalf of SMI to collect funds owed SMI by the Libyan government, are to be paid to the following entities in the amounts set forth below:

    a. $3,440,336 is to be retained by PK and MP.

    b. $3,560,000 is to be paid to David Dale.

    c. $10,799,664 is to be paid to SMI.

Wherefore, Counter Plaintiffs SMI Hyundai Corporation Limited, a Dubai Corporation, and David Dale ask this Court to grant them judgment against Counter Defendants Prince Khaled bin Alwaleed bin Talal bin AbdulAziz AlSaud and Massimiliano Pincione in the amount of $14,359,664, for breaching their contract to pay money received by them from Libya on behalf of SMI, and for their costs expended.

## COUNT TWO: BREACH OF FIDUCIARY DUTY

10. Paragraphs 1-9 are incorporated and made a part hereof.

11. Counter Defendants Prince Khaled bin Alwaleed bin Talal bin AbdulAZiz AlSaud (PK) and Massimiliano Pincione (MP) had a duty to faithfully carry out their duties as agents and representatives of SMI Hyundai Corporation Ltd. (SMI), and upon receipt of funds collected on behalf of SMI to promptly pay the funds to SMI.

12. PK and MP have received and are currently holding $17,800,000 which they received from ODAC of the Government of Libya on behalf of SMI, and have refused to release those funds to their principal, SMI. The $17,800,000, less the commission owed PK and MP of $3,440,336 - was due and payable by PK and MP upon receipt form ODAC.

Wherefore, Counter Plaintiffs SMI Hyundai Corporation Ltd., a Dubai company, and David Dale ask this Court to grant them judgment against Counter Defendants Prince Khaled bin Alwaleed bin Talal bin AbdulAziz AlSaud and Massimiliano Pincione in the amount of $10,799,664 in favor of SMI; and $3,560,000 in favor of David Dale, for breaching their fiduciary duty to pay money received by them from Libya on behalf of SMI, and for their costs expended.

## COUNT THREE: FRAUD

13. Paragraphs 1-12 are incorporated and made a part hereof.

14. Counter Defendants have used a fraudulent agreement dated May 7, 2010 in an attempt to defraud Counter Plaintiffs. Under the fraudulent agreement Counter Defendants have claimed a commission of $15,000,000, rather than the $3,440,336 commission agreed to by the parties. The fraudulent agreement is attached hereto, marked Exhibit 5, and made a part hereof. When Counter Plaintiffs would not agree to accepting $2,800,000 of the $17,800,000 collected by Counter Defendants from Libya, Counter Defendants have withheld all money due Defendants, which is $14,359,664 after deducting Counter Defendants' commission from the $17,800,000.

15. The May 7, 2010 document was obviously created sometime between May 18, 2010 and February 2011, when David Dale and Peter Jung learned of its existence. The May 7th document was not signed by Peter Jung nor agreed to by anyone having authority to act for SMI, and is a fraudulent document.

16. On April 7, 2011 Counter Defendants caused to be filed in this Court the instant suit for Defamation, knowing that the May 7, 2010 document was fraudulent and have therefore committed a fraud upon this Court.

17. The fraudulent May 7, 2010 document was created with malice and with willful and wanton intent to defraud Counter Plaintiffs.

Wherefore, Counter Plaintiffs SMI Hyundai Corporation Limited, a Dubai

Corporation, and David Dale ask this Court to grant them judgment against Counter Defendants Prince Khaled bin Alwaleed bin Talal bin AbdulAziz AlSaud and Massimiliano Pincione in the amount of $14,359,664 for fraud, and for such further damages caused by the fraud as shall be proved at trial. Further, Counter Plaintiffs ask this Court to award them punitive damages in the amount of $50,000,000.

## COUNT FOUR: CONVERSION

18. Paragraphs 1-16 are incorporated herein and made a part hereof.
19. Counter Defendants have received $17,800,000 acting as agents and fiduciaries for Counter Plaintiffs.
20. Counter Defendants have refused and failed to pay to Counter Plaintiffs the sum of $14,359,664 due Counter Plaintiffs, and have instead converted Counter Plaintiffs' money to their own use.

Wherefore, Counter Plaintiffs, SMI Hyundai Corporation Limited, a Dubai Corporation, and David Dale, ask this Court to grant them judgment against Counter Defendants Prince Khaled bin Alwaleed bin Talal bin AbdulAziz AlSaud and Massimiliano Pincione in the amount of $14,359,664 for conversion of the $14,359,664 received by them from ODAC, an agency of the Government of Libya, while Counter Defendants were acting for and on behalf of Counter Plaintiff SMI, and for their costs expended.

## CONCLUSION

Counter Plaintiffs therefore ask this Court to grant them judgment against Counter Defendants, Prince Khaled bin Alwaleed bin Talal bin AbdulAziz AlSaud and Massimiliano Pincione in the amount of $14,359,664 plus such additional damages as shall be proved at trial. Of the $14,359,664, Counter Plaintiffs respectfully request that judgment be entered in favor of David Dale for $3,560,000; and judgment be entered in favor of SMI Hyundai Limited for $10,799,664; with such additional damages as may be proved at trial apportioned by the Court in accordance with the respective damages proved by each Counter Plaintiff.

The actions of Counter Defendants have been deliberate, willful and wanton, with deliberate intent to defraud. Counter Plaintiffs ask the Court to award punitive damages in the amount of $50,000,000, with punitive damages apportioned by the Court to each Counter Plaintiff. Counter Plaintiffs also ask for their costs expended.

Respectfully submitted,

SMI Hyundai Corporation Ltd.
and David Dale
By Counsel

_____/s/_____
James R. Tate
Virginia Bar Number 6241
Douglas E. Bywater
Virginia Bar Number 9137
Tate, Bywater & Fuller PLC
2740 Chain Bridge Road
Vienna, Virginia 22181
Telephone: 703-938-5100
Facsimile: 703-255-1097
jtate@tatebywater.com
debywater@tatebywater.com

<u>Certificate of Service</u>

I hereby certify that on the 2nd day of May, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Sean F. Murphy
McGuire Woods, LLP
1750 Tysons Boulevard
McLean, Virginia 22102-4215
sfmurphy@mcguirewoods.com


I hereby certify that on the 2nd day of May, 2011, a true copy of the foregoing was sent, via first class mail, postage prepaid to:

Sean F. Murphy
McGuire Woods, LLP
1750 Tysons Boulevard
McLean, Virginia 22102-4215
sfmurphy@mcguirewoods.com

and pursuant to Rule 4(d) have sent a request for Waiver of Service to Prince Khaled bin Alwaleed bin Talal bin AbdulAziz AlSaud, Palace of H.R.H. PRINCE KHALED BIN ALWALEED BIN TALAL BIN ABDULAZIZ AL SAUD, RIYADH KINGDOM OF SAUDI ARABIA

                                                            /s/
                                          James R. Tate
                                          Douglas E. Bywater
                                          Counsel for David Dale, and
                                          SMI Hyundai Corporation Ltd.