## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| Massimiliano Pincione | : | |
| Plaintiff | : | |
| v. | : | |
| David Dale | : | |
| Defendant | : | |
| ****************************************** | | Case No. 1:11-cv-00367 (AJT/IDD) |
| David Dale | : | |
| Defendant-Counterclaimant | : | |
| and | : | |
| SMI Hyundai Corporation Ltd. | : | |
| Additional Counterclaimant, | : | |
| v. | : | |
| Massimiliano Pincione | : | |
| Plaintiff-Counterclaimant | : | |
| and | : | |
| H.R.H. Prince Khaled Bin Al Waleed | : | |
| Additional Counterclaim Defendant. | | |

******************************************

**DEFENDANT'S MOTION FOR LEAVE TO AMEND THE COUNTERCLAIMS**

1

Pursuant to this Court's Order of July 15, 2011 and to Rules 13, 15, and 21 of the Federal Rules of Civil Procedure, upon the pleadings and all prior proceedings herein, and upon the annexed Proposed Amended Counterclaims and the accompanying Memorandum in Support and Affidavits of David Dale and Peter Jung, Defendant-Counterclaimant David Dale moves the Court as follows:

(A) for an order granting leave to file the within Proposed Amended Counterclaims as an amendment by leave to his Answer, on behalf of Defendant Dale and Additional Counterclaimant SMI Hyundai Corporation Ltd. (hereinafter "SMI");

(B) in the alternative, and in the event that leave is denied on the ground that the joinder of the additional counterclaim defendant is not permitted under Rule 13(h), that this Court enter an order pursuant to Rule 21 severing the counterclaims into a separate action by Dale and SMI as co-plaintiffs against plaintiff Pincione and Additional Counterclaim Defendant Prince Khaled Bin Al Waleed as co-defendants, without further service of process; and

(C) in the alternative, and in the event that neither of the foregoing forms of relief are granted, that this Court enter an order pursuant to Rule 54(b), directing the entry of a final judgment of dismissal as to defendant Dale's counterclaims, upon the express determination that there is no just reason for delay, so that Dale may seek appellate review under 28 U.S.C. § 1291.

The grounds for this motion, as more fully shown in the accompanying Memorandum, proposed pleading, and supporting papers, are as follows:

1. The Proposed Amended Counterclaims state valid claims for relief on behalf of both defendant Dale and the additional counterclaimant SMI, and those claims arise from the same transactions or occurrences, or series thereof, as the original claim in this action by plaintiff

2

Pincione, and as among themselves, and involve common questions of law or fact. Some of the stated claims meet the joinder criteria of Rules 19 or 20, in that Dale and SMI assert a right to the same relief that is joint, several, or in the alternative (Rule 20), or that Dale and SMI are situated in such a manner that complete relief cannot be accorded among those already parties, or that separate actions present the risk of inconsistent adjudications as to common issues or interests (Rule 19). Accordingly, the counterclaims are properly asserted in this action, under the provisions of Rule 13(h).

2. As to defendant Dale, some of the counterclaims must be asserted under the compulsory counterclaim standards of Rule 13(a), and Dale therefore may be prejudiced in his substantial rights if denied the opportunity to litigate the merits of his claims in the context of this action. There is no such potential prejudice to plaintiff Pincione or additional counterclaim defendant Khaled, and SMI is willing to join the action as an additional counterclaimant.

3. The basic policy of federal joinder rules is to discourage circuity of actions and avoid the potential for inconsistent adjudication. In this case, there is nothing to be gained from separating the adjudication of SMI's rights from those of Dale, and potential inconsistencies will result if SMI and Dale are forced to litigate separately on the common questions of law and fact that are presented, or delayed in their ability to obtain affirmative relief. Accordingly, if even the Court denies leave to amend, one or both forms of alternative relief should be granted by severing the counterclaims or certifying the dismissal of Dale's counterclaims for immediate appeal.

4. The Proposed Amended Counterclaims are well-grounded in fact and law, and they present, together with Pincione's original claim, a single case that can and should be resolved

within a single action.

     5. The governing standard of Rule 15 is that this Court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). This case is still in its earliest phases, and no party will be prejudiced by allowing for a more complete adjudication of the actual underlying controversy, which is quite different from the truncated, and, we submit, entirely false and fraudulent, version presented by Pincione's original claim. The case is one of crime–not defamation–and it should be adjudicated upon its true merits, and appropriate relief accorded to all affected parties within this Court's jurisdiction.

Dated: July 29, 2011

                                              Respectfully submitted,

                                              SMI Hyundai Corporation Ltd.
                                              and
                                              David Dale
                                              By Counsel

              /s/
James R. Tate
Virginia Bar Number 6241
Douglas E. Bywater
Virginia Bar Number 9137
Tate, Bywater & Fuller PLC
2740 Chain Bridge Road
Vienna, Virginia 22181
Telephone: 703-938-5100
Facsimile: 703-255-1097
jtate@tatebywater.com
debywater@tatebywater.com

Certificate of Service

      I hereby certify that on the 29th day of July 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following and also a true copy of the foregoing was sent, via first class mail, postage prepaid to:

Sean F. Murphy
McGuire Woods, LLP
1750 Tysons Boulevard
McLean, Virginia 22102-4215
sfmurphy@mcguirewoods.com

                                                  /s/
                                      James R. Tate
                                      Douglas E. Bywater
                                      Counsel for David Dale, and
                                      SMI Hyundai Corporation Ltd.