UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Massimiliano Pincione | : |
| Plaintiff | : |
| v. | : |
| David Dale | : |
| Defendant | : |
| ****************************************** | Case No. 1:11-cv-00367 (AJT/IDD) |
| David Dale | : |
| and | : |
| SMI Hyundai Corporation Ltd. | : |
| Counterclaim Plaintiffs | : |
| v. | : |
| Massimiliano Pincione | : |
| and | : |
| H.R.H. Prince Khaled Bin Al Waleed | : |
| Counterclaim Defendants | : |

******************************************

## DEFENDANT DAVID DALE'S PROPOSED STIPULATION OF UNCONTESTED FACTS

Now comes Defendant David Dale pursuant to the May 2, 2011 Order of the Court and submits a proposed stipulation of uncontested facts:

1

1. SMI Hyundai Ltd., a company registered in Dubai, UAE, (hereinafter SMIH) signed an agreement dated September 24, 2009, to engage David Dale to assist to collect money owed SMIH by the state of Libya. Mr. Dale was to be paid by SMIH 20% of whatever money was wired out of Libya to SMIH. This agreement was signed by M.K. Kim, Chairman of SMIH, Peter Jung, President of SMIH, and David Dale.

2. Prince Khaled (PK) and Massimiliano Pincione (MP) (hereinafter PKMP) signed an agreement dated September 24, 2009 with SMI Hyundai Ltd. to assist SMIH in collecting money owed SMIH by the state of Libya. PKMP were to be paid 20% of all money received from Libya if the amount collected was over $50 million. If less than $50 million PKMP were to be paid 10% of the amount collected by SMIH. This agreement was signed by M.K. Kim, Chairman of SMIH, Peter Jung, President of SMIH, and PKMP.

3. On April 9, 2010, SMIH and PKMP amended their commission agreement to provide that PKMP were to be paid $4.6 million in commission if the amount collected was $23 million -or reduced pro rata if less than $23 million. This agreement was hand written by David Dale and signed by M.K. Kim, Chairman of SMIH, MP and by MP for PK.

4. On September 3, 9, and 17, 2010 Levant Capital of North America Inc., a company owned and controlled by PKMP, received in Levant Capital's J.P. Morgan Chase account in New York approximately $17.8 million from the state of Libya as a result of the collection efforts of PKMP on behalf of SMIH.

5. PKMP kept the entire $17.8 million collected from Libya and, as of the date of this submission, has not paid anything to SMIH.

6. In January 2011, Mr. Dale became the sole owner of SMIH.

7. On February 24, 2011 PK sent an email to David Dale attaching a document dated May 7, 2010. The attached document provided that PKMP were to receive a commission of $15 million out of the $17.8 million that PKMP collected in September 2010. The May 7, 2010 document indicated that MP and Peter Jung, President of SMIH, had signed the May 7, 2010 document.

8. Upon receipt of the attached May 7, 2010 document in late February 2011, David Dale contacted Peter Jung, President of SMIH, and asked Mr. Jung if he had signed the document dated May 7, 2010 purporting to give PKMP a $15 million commission out of the $17.8 million collected by PKMP from the state of Libya. Peter Jung denied signing the May 7, 2010 document and labeled it a forgery. David Dale subsequently labeled the May 7, 2010 document a forgery in a February 27, 2011 email to PK that implicated MP as the perpetrator of the forgery.

9. MP sued David Dale for libel etc. in the instant case, and filed a similar action against Peter Jung, also in this Court.

10. On August 12, 2011, David Dale argued before Magistrate Judge Ivan Davis his motion asking this Court to allow him to file amended counterclaims and add PK as a party. This Court had denied earlier counterclaims against PKMP, but allowed Mr. Dale to file a motion to amend his counterclaims. Mr. Dale's proposed counterclaims seek relief from MP and PK for: 1. Tortious Interference with the Dale Agreement with SMIH; 2. Breach and Repudiation of the PKMP Agreement; 3. Virginia Statutory Conspiracy under Va. Code 181.2 – 499 and 18.2 -500; 4. Fraud; 5. Breach of Fiduciary Duty and Conversion; and 6. Racketeering. To date this court has not ruled on Mr. Dale's motion to file amended counterclaims.

3

                                                Respectfully submitted,
                                                David Dale
                                                By Counsel

_____/s/_____
James R. Tate (VSB #6241)
Douglas E. Bywater (VSB #9137)
Tate, Bywater & Fuller PLC
2740 Chain Bridge Road
Vienna, Virginia 22181
Telephone: 703-938-5100
Facsimile: 703-255-1097
jtate@tatebywater.com
debywater@tatebywater.com

### Certificate of Service

I hereby certify that on the 19th day of October, 2011, a true copy of the foregoing was sent via first class mail, postage prepaid and was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Angela H. France, Esq.
1725 Duke Street, Suite 240
Alexandria, VA 22314
afrance@pctlg.com

Jay G. Safer
LOCKE LORD BISSELL & LIDDELL, LLP
3 World Financial Center
New York, NY 10281
jsafer@lockelord.com

                                                _____/s/_____
                                                James R. Tate
                                                Douglas E. Bywater
                                                Counsel for David Dale