UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| Massimiliano Pincione | : | |
| Plaintiff | : | |
| v. | : | |
| David Dale | : | |
| Defendant | : | |
| ****************************************** | | Case No. 1:11-cv-00367 (AJT/IDD) |
| David Dale | : | |
| and | : | |
| SMI Hyundai Corporation Ltd. | : | |
| Counterclaim Plaintiffs | : | |
| v. | : | |
| Massimiliano Pincione | : | |
| and | : | |
| H.R.H. Prince Khaled Bin Al Waleed | : | |
| Counterclaim Defendants | : | |

******************************************

### DEFENDANT DAVID DALE'S MOTION FOR LEAVE TO AMEND THE ANSWER AND GROUNDS OF DEFENSE

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, upon the pleadings and all prior proceedings herein, and upon the annexed Proposed Amended Answer and Grounds of Defense and the accompanying Defendant's Memorandum in Support, Defendant David Dale moves the Court for an order granting leave to file the within Proposed Amended Answer and Grounds of Defense as an amendment to his Answer.

1

The grounds for this motion, as more fully shown in the accompanying Memorandum in Support, proposed pleading, and supporting papers, are as follows:

(1) The conclusion of discovery has shown that all recipients of the alleged defamatory material are individuals who shared a common interest in the matter, and therefore the alleged defamatory communication is protected by qualified privilege. This provides Dale with grounds to amend his Answer and Grounds of Defense.

(2) Dale's Proposed Amended Answer and Grounds of Defense is attached as Exhibit 1.

(3) Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, this Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Furthermore, leave should only be denied where there is: (1) prejudice to the nonmoving party; (2) bad faith of the moving party; or (3) futility of the proposed amendment. *Johnson v. Oroweat Foods Co.*, 785 F.2d 504, 509 (4th Cir. 1986); *Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964). None of the above factors are present in this case. The application of qualified privilege became apparent only after the conclusion of the discovery period and provides a complete defense to Plaintiff's claims of defamation and insulting words. Dale's case accords with the interest in justice referenced in Rule 15(a)(2) and is a valid basis of the Court's granting the instant Motion to Amend.

                Respectfully submitted,

                David Dale
                By Counsel

/s/
James R. Tate
Virginia Bar Number 6241
Douglas E. Bywater
Virginia Bar Number 9137
Tate, Bywater & Fuller PLC
2740 Chain Bridge Road
Vienna, Virginia 22181
Telephone: 703-938-5100
Facsimile: 703-255-1097
jtate@tatebywater.com
debywater@tatebywater.com

### Certificate of Service

I hereby certify that on the 31st day of October, 2011, a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Angela H. France, Esq.
PCT LAW GROUP, PLLC
1725 Duke Street, Suite 240
Alexandria, VA 22314
afrance@pctlg.com

Jay G. Safer
LOCKE LORD BISSELL & LIDDELL, LLP
3 World Financial Center
New York, NY 10281
jsafer@lockelord.com

/s/
James R. Tate
Counsel for David Dale