UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
Massimiliano Pincione,                         :

                Plaintiff,                     :
        vs.
                                               :

David Dale,                                    :
                Defendant.
                                               :

                                               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X   CASE NO.: 1:11cv 367 AJT/IDD
David Dale

and                                            :

SMI Hyundai Corporation Ltd.                   :

        Counterclaim Plaintiffs                :

        v.                                     :

Massimiliano Pincione                          :

and                                            :

H.R.H. Prince Khaled Bin Al Waleed             :

        Counterclaim Defendants                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR LEAVE TO AMEND THE ANSWER AND GROUNDS OF DEFENSE**

Plaintiff Massimiliano Pincione (hereinafter, "Pincione" or "Plaintiff"), files this Opposition to Defendant David Dale's Motion for Leave to Amend the Answer and Grounds of Defense, and states as follows:

## BACKGROUND

Defendant Dale's requested amendment of his answer more than two weeks after the close of discovery and on the eve of trial is dilatory and unfairly prejudices Pincione. Defendant has been aware since making these defamatory statements about Pincione whether or not the facts support a qualified privilege. Defendant made the false statements, and has first- hand knowledge of the recipients of his false statements of forgery about Pincione. Defendant's assertion in his Motion for Leave to Amend Answer that "*the conclusion of discovery* has shown that all recipients of the alleged defamatory material are individuals who shared a common interest in the matter" is disingenuous in this respect. (emphasis added.) Clearly, Defendant knew all the facts upon which he now relies for the qualified privilege at the time of filing his original Answer.

Defendant's eleventh hour request for an amendment to his answer to include a qualified privilege defense demonstrates a strategic litigation decision which prevents Pincione's discovery on the issue. Defendant waited until after the close of discovery and the filing and exchange of witness and exhibit lists to assert an unfounded qualified privilege defense. Defendant's motion is devoid of any "exceptional circumstances," as Defendant is required to show, which would have caused his delay. It would be unfair and prejudicial to require Pincione to go to trial without a fair opportunity to prepare his case on a qualified privilege defense.

Moreover, the proposed amendment would be futile as the circumstances here do not warrant a qualified privilege defense. This case arises out of the defamatory statements made by Defendant Dale about Pincione in order to justify Defendant's assertion that Pincione and his business partner should receive a much smaller commission payment on a business deal. The parties in this matter were clearly on opposite sides of the deal when Defendant made the

defamatory statements about Pincione to Pincione's partner and others, and thus, they did not have corresponding interests.

For the reasons set forth below, Defendant Dale's Motion for Leave to Amend his Answer should be denied.

## ARGUMENT

Given the undue delay by Defendant in seeking amendment, the prejudice to Pincione, and the futility of the amendment, the liberal standard provided by Rule 15 does not apply to Defendant Dale's motion. *See Foman v. Davis*, 371 U.S. 178 (1962). Additionally, Dale's proposed amendment of his answer is particularly inappropriate given the close of discovery in this matter. *Smithfield Foods, Inc. v. United Food & Commer. Workers Int'l Union*, 254 F.R.D. 274, 279 (E.D. Va. 2008), citing *Remington Arms Co. v. Modern Muzzleloading, Inc.*, 1998 U.S. Dist. LEXIS 21526, at *7-8 (M.D.N.C. Dec. 17, 1998) (stating that while "leave to amend ordinarily is to be liberally granted, amendments of pleadings are particularly inappropriate, absent *exceptional circumstances*, once discovery has closed.")(emphasis added.) Defendant Dale presented no "exceptional circumstances" justifying his delay in asserting this defense. Thus, the Court should deny Defendant's motion for leave to amend.

A.  **Defendant's Undue Delay in Amending his Answer Prejudices Pincione.**

A review of the pleadings and record in this matter demonstrates that both undue delay and prejudice to Pincione exist. Defendant had a duty to submit a motion to amend his answer as soon as the necessity for altering the pleading became apparent. *See* Docket No. 15 at p. 2, ¶ 5 ("[a]ny motion to amend the pleadings…shall be made as soon as possible after counsel or a party becomes aware of the grounds for the motion."); s*ee also Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987), 6 Wright & Miller, Federal Practice and Procedure § 1488 (1971). Defendant

Dale's delay in seeking an amendment acted contrary to the spirit of Rule 15, and should not be allowed. *Id.*

### 1. Defendant's Undue Delay.

Defendant's motion to amend is predicated on information which has long been known to Defendant Dale. Defendant provides *no support* for his broad assertion that the "conclusion of discovery" has alerted him to facts which he did not already know. Defendant clearly has known since making the defamatory statements which individuals he communicated with and the substance of those communications.

Defendant failed to seek an amendment to include such defense at any time during the discovery in this matter. It is noted that Defendant sought leave to amend his counterclaims during discovery, but did not raise the qualified privilege defense at that time. Instead, Defendant waited until after (i) discovery closed, (ii) the parties filed their respective witness and exhibit lists, and (iii) the trial date was set before seeking to add this defense.

Defendant's primary defense as asserted in his original Answer was that the statements he made about Pincione were true. However, as Defendant is aware, discovery in this matter has proved the falsity of Defendant's statements.[1] Given that discovery development, Defendant now attempts at such late hour in the litigation to hide behind a privilege. However, it is axiomatic that the facts which Defendant intends to rely upon in support of the qualified privilege defense were always known to him, and his delay in asserting this unsupported defense is significant.

---

[1] Plaintiff's forensic document expert confirmed that the signature on the three documents in question is in fact the signature of Peter Jung.

4

### 2. Unfair Prejudice to Pincione.

Moreover, Defendant's motion to amend comes on the eve of trial and more than two weeks after discovery is completed, which clearly prejudices Pincione in his trial preparation. When a defense filed after the close of discovery and shortly before trial raises a new legal theory, prejudice would result to the opposing party if leave to amend were granted. *Smithfield Foods, Inc. v. United Food & Commer. Workers Int'l Union*, 254 F.R.D. 274, 279 (E.D. Va. 2008), citing *Thomas M. Gilbert Architects, P.C. v. Accent Builders & Developers, LLC*, 2008 U.S. Dist. LEXIS 43928, at *9 (E.D. Va. June 4, 2008).

Pincione would have propounded discovery, including interrogatories, requesting all facts relied upon by Defendant in support of a qualified privilege. Moreover, Pincione would have focused on gathering discovery and evidence to challenge the privilege and each element contained in the privilege, and to establish that Defendant Dale abused such privilege. However, the discovery undertaken by Pincione was made without the benefit of knowing Defendant would seek to interpose a qualified privilege defense after the close of discovery in this matter. At this time, Pincione is prohibited from obtaining any discovery on this new legal defense theory. It would greatly prejudice Pincione to go to trial without a fair opportunity to prepare his case.

### B. The Qualified Privilege in Inapplicable to the Circumstances in this Case, and the Requested Amendment to Defendant's Answer is Futile.

The doctrine of qualified privilege is inapplicable under these circumstances, and an amendment in this regard would be futile. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606 (4th Cir. 1980)(stating that leave to amend should be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face.) The qualified privilege only protects "a communication made in good faith, on a subject matter in which the person

*communicating has an interest*, or owes a duty, legal, moral or social, *if made to a person having a corresponding interest* or duty." *Taylor v. Grace*, 166 Va. 138, 184 S.E. 211, 213 (Va. 1936) (emphasis added).

The statement of law on qualified privilege is not very specific. Therefore, it is important to note that Virginia courts have found the following types of statements (which vary greatly from the circumstances in this matter) deserve a qualified privilege: supervisor's statement about the reason for a subordinate employee's termination[2]; critical statements by an employee's manager[3]; critical statements by one worker about a co-worker[4]; communications about someone to law enforcement officials[5]; statements made by professors as part of a university tenure evaluation[6]; statements to the police and the Commonwealth's Attorney identifying plaintiff as a robber[7]; statements to the EEOC about an employer's failure to identify sexual harassment[8]; and statements made to a police investigatory board[9]. In canvassing Virginia case law regarding the qualified privilege in defamation cases, it is clear that Defendant Dale's defamatory statements about Pincione are not protected by the qualified privilege.

Defendant asserts that his defamatory statements about Pincione fall under the qualified privilege because all the "communications were made to individuals engaged in a common business enterprise, collecting money owed SMI by Libya." (Dale Amended Answer at p. 4, ¶ 5.) However, it is clear that Pincione and Prince Khaled were *not* part of the same enterprise as Defendant Dale when these statements were made.

---

[2] *Wynn v. Wachovia Bank*, 2009 Dist. LEXIS 38250 (E.D. Va. May 6, 2009).
[3] *Hargrave v. Tignor*, 24 Va. Cir. 353 (1991).
[4] *Koegler v. Green*, 78 Va. Cir. 478 (2009).
[5] *Shabazz v. PYA Monarch, LLC*, 271 F. Supp.2d 797 (E.D. Va. 2003).
[6] *Larimore v. Blaylock*, 259 Va. 568 (2000).
[7] *Smith v. Button*, 43 Va. Cir. 379 (1997).
[8] *Wilson v. Miller Auto Sales, Inc.*, 47 Va. Cir. 153 (1998).
[9] *Elder v. Holland*, 208 Va. 15 (1967).

SMI Hyundai Corporation LTD. ("SMI Dubai") engaged Pincione and his business partner, Prince Khaled, to collect money owed to SMI Dubai by the Libyan Government. (Docket No. 7, Dale's Answer and Counterclaim at p.2, ¶ 5.) Defendant's defamatory statements were made during the dispute regarding the payment of the agreed-upon commission to Pincione and Prince Khaled *after* collection of the money from Libya – not in the context of the parties' efforts to collect the money for SMI Dubai from Libya. (Docket No. 7, Dale's Answer and Counterclaim at p.8, ¶8.)

Defendant attempts to confuse the situation in his motion for leave. But, it is clear from Defendant's own unsuccessful counterclaim asserted in this matter that at the time of Defendant's defamatory statements, the statements were not made in furtherance of collecting money from Libya. Rather, the circumstances under which the false and defamatory statements of forgery were made by Defendant Dale to Prince Khaled and others were in connection with the commission owed by SMI Dubai. *Id.* Thus, Defendant did not have a corresponding interest with the persons he communicated the defamatory statements. In fact, the persons to whom he relayed the false forgery statements had directly opposite interests.

Given the undue delay by Defendant in seeking leave to amend his answer, the severe prejudice to Plaintiff at this late hour in the litigation, and the futility of the amendment of Defendant's answer to include the qualified privilege defense, the Court should deny Defendant's motion for leave to amend.

## **CONCLUSION**

Based upon the reasons set forth herein, Plaintiff respectfully requests that the Court deny Defendant Dale's motion for leave to amend his answer.

Dated: November 14, 2011          Respectfully submitted,

                                               PCT LAW GROUP, PLLC

                                               By: /s/
                                               Angela H. France, Esq. (VSB 46862)
                                               1725 Duke Street
                                               Suite 240
                                               Alexandria, VA 22314
                                               Phone: (703) 881-9141
                                               Fax:   (703) 972-9153 (fax)
                                               Email: afrance@pctlg.com

                                               Jay G. Safer, Esq. (admitted pro hac vice)
                                               LOCKE LORD BISSELL & LIDDELL LLP
                                               3 World Financial Center
                                               New York, NY 10281
                                               Phone: (212) 415-8600
                                               Fax:   (212) 303-2754
                                               Email: jsafer@lockelord.com

                                               *Attorneys for Massimiliano Pincione*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of November, 2011, I filed the foregoing with the Court's ECF system, which notified the following:

James R. Tate, Esq.
Douglas Bywater, Esq.
Tate, Bywater & Fuller PLC
2740 Chain Bridge Road
Vienna, VA 22181
Telephone: (703) 938-5100
Facsimile: (703) 255-1097
jtate@tatebywater.com
debywater@tatebywater.com

_____/s/_____
Angela H. France, Esq., VSB #46862
PCT LAW GROUP, PLLC
1725 Duke Street
Suite 240
Alexandria, Virginia 22314
Phone: (703) 881-9141
Fax: (703) 972-9153
Email: afrance@pctlg.com